IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA GOUDEAU#1325693 | § | |
| VS. | § | CIVIL ACTION NO. 6:12CV370 |
| BARRY ANDREW, ET AL | § | |

MEMORANDUM OPINION AND ORDER
DENYING DEFAULT JUDGMENT

Plaintiff Joshua Goudeau, an inmate confined in the Robertson Unit of the Texas prison

system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights

lawsuit under 42 U.S.C. § 1983.  The complaint was assigned to the undersigned Magistrate Judge

with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Before the Court is Plaintiff's third Declaration for Entry of Default (docket entry #29),

which the Court construes as a Motion for Default Judgment.

## I.    DISCUSSION AND ANALYSIS

Plaintiff asserts that the Defendants were served with Plaintiff's complaint and summonses

by the United States Marshal Service on September 9, 2012, and that more than 30 days has expired

without the filing of an answer.[1]  Therefore, he seeks "default."  *See* Motion at 1.  Plaintiff is in error.

On September 20, 2012, the Court issued an Order to Answer and Scheduling Order in this case

---

[1]    In his last such motion, he asserted that service had been completed on September 21, 2012.  He was incorrect at that time also, and it is puzzling why Plaintiff would assert an even earlier date now.

1

directing Defendants to answer or otherwise plead within 30 days from the receipt of the Order.  The Order, however, did not go directly to the Defendants, but to the Office of the Attorney General of the State of Texas, which handles such orders and contacts the defendants in such a case as they may be reached, offering representation to state employees as appropriate and filing responses accordingly.  The Court does not presume that the Defendants in this case received the Order on the date it was issued.  In fact, in this case, the Office of the Attorney General, Law Enforcement Defense, did not acknowledge receipt of the Order until September 24, 2012 (docket entry #21).

Rule 12(a), Fed. R. Civ. P., specifies that "[u]nless another time is specified by this rule. . . [a] defendant must serve an answer [] within 21 days after being served the summons and complaint[.]"  In this case, as noted above, the timing of the Defendants' responsive pleading is governed not by the explicit time of Rule 12(a), but by the Court's Order to Answer and Scheduling Order.  Aside from the fact that Rule 12(a) permits a modification of the time for filing an answer, "a federal district court has both specific and inherent power to control its docket."  *See Miller v. Thaler*, 2011 WL 3209879, at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)).  That control includes modifications of filing and briefing schedules, either on motion or *sua sponte*.  In this case, the Office of the Attorney General also filed an *Amicus Curiae* Advisory to the Court and Request for Extension of Time to Respond to Court Order (docket entry #24/25) in which it informed the Court that Defendant Andrews filed his answer after the Office of the Attorney General was able to contact him, which the Court presumes may not be an immediate process any more than service of process on a prospective defendant by a commercial process server may be immediately executed.  The prospective defendant has to be located first and then service effected.  In this case, Defendant Andrews filed his answer on October

2

29, 2012.  As the Court stated in its last Memorandum Opinion and Order on Plaintiff's second motion for default judgment, the Court considers Defendant Andrews' answer to have been timely filed.  *See* docket entry #27.

Also previously, the Court recounted that the Office of the Attorney General advised the Court that it had not yet been able at that time to contact Defendant Benton and sought an extension of time in which to file a responsive pleading, once he could be located.  *See id*.  Now, the Office of the Attorney General has advised the Court that it has been unable to contact Defendant Benton at all and will advise the Court of his last known address.  Clearly, Defendant Benton has not been served in this matter and cannot be considered to have defaulted.

As with both of Plaintiff's prior such "default" motions he filed, he does not cite the basis for his motion.  Rule 55 of the Federal Rules of Civil Procedure addresses both entry of default and default judgment.  *See* Fed. R. Civ. P. 55(a), (b).  Although Plaintiff's filing is entitled "Declaration for Entry of Default," he does not specify whether he actually seeks entry of default pursuant to Rule 55(a) or a default judgment pursuant to Rule 55(b).  "Before a default judgment may be entered by the court, the moving party must obtain entry of default pursuant to Fed. R. Civ. P. 55(a)." *Beachhead, L.P. v. Solar Night Indus., Inc.*, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008) (citations omitted).  "[A]fter the entry of default, the plaintiff must request that a default judgment be entered." *Simmons v. Twin City Towing*, 425 Fed. Appx. 401, 2011 WL 1853282, at *2 (5th Cir. May 17, 2011) (per curiam) (citing Fed. R. Civ. P. 55(b)).  The entry of default first places a party on notice of the default; on good cause shown, the court may set the entry of default aside before default judgment is separately entered or, under Rule 60(b), may set aside the default judgment itself after entry.  *See* Fed. R. Civ. P. 55(c); *Jefferson v. Louisiana Dept. of Public Safety and Corrections*,

3

401 Fed. Appx. 927, 929 (5th Cir. 2010) (per curiam).  Here, if Plaintiff's intent was to seek entry of default, his filing was at least proper in regards to its sequence of filing.  If his intent was to seek default judgment, it was faulty.  Inasmuch as he has not specified which he seeks, the Court construes his motion as one seeking an ultimate judgment and will deny it.

Furthermore, this is the third time Plaintiff has filed such a motion without any basis for it. Further, Plaintiff has sought to claim a default based on a date that is even earlier that the one denied in the Court's last denial of default judgment.  Therefore, Plaintiff is placed on notice that if he continues to file pleadings based on erroneous facts or inattention to what the Court has previously directed, he may face being sanctioned for filing frivolous motions.

It is accordingly

**ORDERED** that Plaintiff's Motion (docket entry #29) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **30** day of  **November, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

4